UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY LEWIS AND JADA LEWIS | CIVIL ACTION |
| VERSUS | NO. 15-807 |
| TEAM INDUSTRIAL SERVICES, INC., ET AL | DIVISION"C" |

### ORDER AND REASONS[1]

Before the Court is a motion to remand by Plaintiffs. Rec. Doc. 8. Defendants oppose. Rec. Doc. 10. In addition, the Court ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 5. Defendants submitted a memorandum on this issue. Rec. Doc. 6. Having determined that the defendants have shown that subject matter jurisdiction exists and filed a timely notice of removal, the Court DENIES the motion to remand and finds that this matter has been properly removed to federal court pursuant to 28 U.S.C. § 1447(c).

I.   FACTUAL BACKGROUND

This action arises out of an accident involving a crude oil spill. According to defendants, on October 25, 2013, Plaintiff Jerry Lewis ("Lewis") was employed as a pipe fitter by Excel Contractors, Inc. and was working at the Valero Refinery in Meraux, Louisiana. Rec. Doc. 6 at 3. A stopple failed on a crude unit heat exchanger, and crude oil began to spray near Lewis while

---

[1] Alexis Ruiz, a third year student at Tulane Law School, helped prepare this order.

he was working on top of a scaffold. Rec. Doc. 8-1 at 1. Lewis was told to get down, as there was a concern that an explosion would occur. Rec. Doc. 8-3 at 2. According to Lewis, after being taken to another building, he removed his clothes and noticed that he had lost control of both his bowel and bladder functioning over the course of the incident. *Id*. Lewis claims he suffers from back injuries, headaches, nausea and severe Post Traumatic Stress Disorder ("PTSD") as a result of the incident. Rec. Doc. 8-1 at 2.

On October 5, 2014, Plaintiffs Jerry Lewis and Jada Lewis filed suit against defendants, Team Industrial Services, Inc. and Team Inc. ("Team") in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. Rec. Doc.1 at 1-2. On March 12, 2015, defendants filed a notice of removal pursuant to 28 U.S.C.A. § 1441 (b) *et seq*. on the grounds of diversity of citizenship and the amount involved. Rec. Doc. 1.  The Court ordered the parties to file memoranda on the issue of whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 5. Defendants submitted a memorandum on this issue. Rec. Doc. 6. On April 9, 2015, Plaintiffs moved to remand the matter to state court. Rec. Doc. 8. Defendants opposed Plaintiffs' motion to remand. Rec. Doc. 10.

## II. DISCUSSION

### a. Timeliness

Plaintiffs, in their Motion to Remand, argue that the notice of removal was not timely. Plaintiffs argue that because they served the defendants with their Petition for Damages on October 23, 2014, per 1446(b), defendants should have filed their Motion to Remove by November 22, 2014. Rec. Doc. 8-1 at 3. The parties do not argue that the parties are not diverse, nor do they argue that the jurisdictional amount is not met. *Id*.

As stated by 28 U.S.C. § 1446(b)(1), notice of removal of a civil action must be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief. Alternatively, 28 U.S.C.§ 1446 (b)(3) provides that if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days of receipt by the defendant of a copy of an amended pleading, motion or other paper from which it may be ascertained that the case is one which is or has become removable.  An "other paper" is defined by U.S.C.§ 1446 (c)(3)(A) as information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery. In this case, Plaintiffs did not allege damages at the time of the filing of their petition in state court Rec. Doc. 8-3 at 3. Because Louisiana Code of Civil Procedure Article 893(A)(1) does not allow for a specific monetary amount of damages to be included in the allegations or prayer for relief of any demand, the defendants are allowed to establish by a preponderance of the evidence that the jurisdictional minimum is met. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiffs argue that defendants were put on notice of the seriousness of Mr. Lewis' claim for PTSD on the face of the petition since Mr. Lewis had a valid concern of explosion and burning to death due to the volume of oil spewing out of the pipes, and the alarms sounding. Rec. Doc. 8-1 at 4. Therefore, defendants should have known that the amount in controversy exceeded the jurisdictional minimum at the time that the petition was filed in state court. Defendants aver that they did not have sufficient knowledge to draw this conclusion. They state they did not know how long Mr. Lewis had been out of work, but did know that all other employees of Excel who were involved with the oil spill, returned to work on the day following the accident. Rec. Doc. 10 at 2. Thus, defendants claim that they had no basis for concluding that Plaintiff's damages would exceed $75,000 until they received medical records and expert reports on

February 18, 2015. *Id*. at 2-3. Therefore, defendants had no way of meeting the preponderance of the evidence standard until they received more information via discovery.

The Court finds that defendants could not have reasonably known the amount in controversy met the jurisdictional minimum until they received discovery from Plaintiffs. PTSD damages claims can vary widely and larger awards are often tied to bodily injury. For example, in *Berthelot v. Aetna Casualty Insurance Company*, 623 So. 2d 14 (La. 1st Cir. App. 1993) after receiving electrical shock from a beer dispensing machine, the plaintiff suffered from significant emotional distress. The plaintiff was diagnosed with PTSD and received $50,000 in general damages. *See also*, *Dorris v. Harrah's Shreveport/Bossier City Holding Co., LLC*, Civ. A. 05-0844, 2006 WL 3095654 at *5 (W.D. La. Oct. 30, 2006) (citing numerous cases where damages awarded for mental anguish were "well below $75,000). In *Smith v. Tidewater*, 918 So. 2d 1 (La. App. 4th Cir. 2005), the plaintiff, a deckhand, slipped and fell into the ocean, then had to endure 20 hours in the ocean until he washed ashore. The plaintiff suffered from PTSD and was awarded $250,000 in general damages. In *Ferris Clark, Sr. v. PHI, Inc. etc., et al*, 33 F. Supp. 3d 700, 720 (E.D. La. 2014), the plaintiff was awarded $400,000 for psychological damages after being diagnosed with PTSD and future pain and suffering from a helicopter accident. *Id*. at 720. However, the plaintiff suffered additional damage to his cervical spine as a result of the crash. Unlike the plaintiffs in *Smith* and *Ferris*, the plaintiff here has not alleged a prolonged experience of trauma or physical injury resulting from the incident.

Given the wide range of damages for psychological injury, the defendants could not have reasonably concluded that Plaintiffs' damages claim would amount to $75,000 or more. Thus, the Court finds the case was not removable at the time of filing and defendants were not put on notice of the jurisdictional amount until February 18th, 2015 when they received discovery from

Plaintiffs containing detailed medical reports. As a result, the case was timely removed under 1446(c)(3)(A).

Additionally, the Court finds that the requirements for establishing diversity jurisdiction have been met. The Court finds that the parties are diverse. The Court also finds that the jurisdictional minimum of $75,000 is met. Lewis' civil forensic evaluation indicates that Lewis exhibits severe symptoms of PTSD. Rec Doc 8-3 at 69. Further, an expert report attests that upon reentering the workforce, Mr. Lewis will continue experiencing wage loss earnings equivalent to the difference between his wages and the wage earnings which he could have earned as a Superintendent if it had not been for the oil spill accident. Rec. Doc. 8-3 at 91-92. These amounts exceed the jurisdictional minimum.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Remand (Rec. Doc. 8) is DENIED. The Court finds the requirements for diversity jurisdiction are met.

New Orleans, Louisiana, this 13th day of July 2015.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE